**Jun Min ZHANG, Petitioner,**

**v.**

---

Alberto GONZALES,* Attorney General, and Bureau of Citizenship and Immigration Services, Respondents.

Docket No. 04–2503–AG.

United States Court of Appeals, Second Circuit.

Argued: March 6, 2006.

Decided: July 12, 2006.

* U.S. Attorney General Alberto R. Gonzales is substituted as respondent. *See* Fed. R.App. P. 43(c)(2).

Alexander G. Rojas (Stephen Singer, on the brief), Barst & Mukamal LLP, New York, NY, for Petitioner.

Michael J. Sullivan, United States Attorney for the District of Massachusetts, and Gregg Shapiro, Assistant United States Attorney, Boston, MA, submitted a brief for Respondent.

Before WALKER, Chief Judge, CALABRESI and CABRANES, Circuit Judges.

Judge CABRANES joins the opinion and concurs in a separate opinion, which is joined by Chief Judge WALKER.

Judge CALABRESI joins the opinion and concurs in a separate opinion.

JOHN M. WALKER, JR., Chief Judge.

Petitioner Jun Min Zhang asks this court to review the April 13, 2004 order of the Board of Immigration Appeals ("BIA") affirming the decision of Immigration Judge ("IJ") Alan A. Vomacka, see File No. A 29–415–328 (New York, N.Y., Oct. 1, 2002), denying the petitioner's request for a waiver of inadmissibility because the petitioner failed to establish "extreme hardship" to a qualifying relative under § 212(i) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(i), and therefore denying the petitioner's application for adjustment of status under 8 U.S.C. § 1255(i). We consider here whether this court has jurisdiction to review such an order. We hold that (1) a finding of "extreme hardship" under 8 U.S.C. § 1182(i) is a discretionary judgment committed to the BIA (acting on behalf of the Attorney General) and that 8 U.S.C. § 1252(a)(2)(B)(i) precludes us from reviewing such a judgment; and (2) in the circumstances presented here, § 106(a)(1)(A)(iii) of the REAL ID Act of 2005, 8 U.S.C. § 1252(a)(2)(D), does not restore jurisdiction because the petitioner challenges a discretionary judgment and does not raise any "constitutional claims or questions of law" within the meaning of 8 U.S.C. § 1252(a)(2)(D). Accordingly, we lack jurisdiction to entertain the petition.

We note initially that the petitioner does not dispute the IJ's finding that he is inadmissible by operation of 8 U.S.C. § 1182(a)(6)(C)(i).[1] Inadmissibility pursuant to that clause may be waived by the Attorney General in his discretion if the petitioner establishes "to the satisfaction of the Attorney General" that refusing to admit the petitioner would result in "extreme hardship" to a qualifying relative, in this case, the petitioner's mother. 8 U.S.C. § 1182(i)(1).[2] Like the IJ, the BIA, acting

---

**1.** 8 U.S.C. § 1182(a)(6)(C)(i) provides, "Any alien who, by fraud or willfully misrepresenting a material fact, seeks to procure (or has sought to procure or has procured) a visa, other documentation, or admission into the United States or other benefit provided under this chapter is inadmissible."

**2.** 8 U.S.C. § 1182(i)(1) provides in pertinent part,

The Attorney General may, in the discretion of the Attorney General, waive the application of clause (i) of subsection (a)(6)(C) of this section in the case of an immigrant who is the spouse, son, or daughter of a United States citizen or of an alien lawfully admitted for permanent residence if it is

for the Attorney General, determined that the petitioner did not establish that such extreme hardship would result were the petitioner not admitted to the United States.

■ It is an issue of first impression in this circuit whether we have jurisdiction to review the BIA's determination that an alien does not satisfy the extreme-hardship standard of § 1182(i)(1). The REAL ID Act of 2005 instructs us to treat this petition as a petition for review under 8 U.S.C. § 1252. Pub.L. No. 109–13, § 106(d), 119 Stat. 231, 311. Relevant here is subsection (a)(2)(B)(i) of § 1252, which provides that courts lack jurisdiction to review "any judgment regarding the granting of relief under ... [8 U.S.C. § 1182(i) ]." 8 U.S.C. § 1252(a)(2)(B)(i). We have held that the term "judgment" in this subsection refers to discretionary decisions. *See De La Vega v. Gonzales,* 436 F.3d 141, 144 (2d Cir.2006) (holding explicitly what the court deemed was "strongly implied" by *Sepulveda v. Gonzales,* 407 F.3d 59 (2d Cir. 2005)—namely, that discretionary decisions regarding the granting of relief under a provision referenced by § 1252(a)(2)(B)(i) are "judgments" within the meaning of that subsection). Thus, the decisive issue in this case is whether the BIA's determination that the petitioner did not establish extreme hardship was discretionary.

The only circuit court to have addressed this question has held that the extreme-hardship determination under 8 U.S.C. § 1182(i)(1) is a discretionary judgment, not subject to judicial review. *See Okpa v. INS,* 266 F.3d 313, 317 (4th Cir.2001). And this court has agreed with our sister circuits that the similar hardship determination under the cancellation-of-removal provision is discretionary and therefore unreviewable under 8 U.S.C. § 1252(a)(2)(B)(i). *De La Vega,* 436 F.3d at 146 (addressing 8 U.S.C. § 1229b(b)(1)(D)); *see also Kalkouli v. Ashcroft,* 282 F.3d 202, 204 (2d Cir.2002) (addressing 8 U.S.C. § 1254(a)(1) (repealed 1996) and holding that "the determination as to whether an alien is eligible for suspension of deportation by reason of extreme hardship is a discretionary decision ... and therefore may not be appealed to this Court"). Section 1229(b)(1)(D) requires an applicant to demonstrate "exceptional and extremely unusual hardship," whereas the pre-IIRIRA language of § 1254(a)(1) tracked the "extreme hardship" language now used in § 1182(i)(1). Although the phrasing of the § 1182(i)(1) standard and the § 1229b(b)(1)(D) standard varies slightly, the Attorney General makes both decisions in the same manner: by evaluating the same discretionary factors in light of the facts and circumstances of a given case. *See In re Cervantes–Gonzalez,* 22 I. & N. Dec. 560, 565–66 (B.I.A.1999) (identifying the factors relevant to § 1182(i)(1)'s "extreme hardship" standard by reference to the hardship factors evaluated in suspension-of-deportation cases). Because these hardship determinations are made in the same manner under practically identical standards and because *De La Vega* holds that the cancellation-of-removal hardship determination is discretionary, we join the Fourth Circuit in holding that the § 1182(i)(1) hardship determination is discretionary as well.[3] We therefore lack

established to the satisfaction of the Attorney General that the refusal of admission to the United States of such immigrant alien would result in extreme hardship to the citizen or lawfully resident spouse or parent of such an alien....

**3.** Although the former version of § 1229b(b)(1)(D) expressly entrusted the

jurisdiction to review this judgment. *See* 8 U.S.C. § 1252(a)(2)(B)(i).

■ Finally, we hold that § 106(a)(1)(A)(iii) of the REAL ID Act, 8 U.S.C. § 1252(a)(2)(D), does not affect our conclusion because the instant petition, in challenging the BIA's discretionary extreme-hardship determination, does not raise any "constitutional claims or questions of law" within the meaning of 8 U.S.C. § 1252(a)(2)(D). *See Xiao Ji Chen v. DOJ*, 434 F.3d 144, 153–54 (2d Cir.2006) (holding that the REAL ID Act leaves this court "deprived of jurisdiction to review discretionary and factual determinations").

For the foregoing reasons, we lack jurisdiction to entertain this petition for review. The petition is therefore Dismissed.

JOSÉ A. CABRANES, Circuit Judge, concurring:

I concur fully in Chief Judge Walker's opinion, in which Judge Calabresi also joins, and write briefly to address further Zhang's jurisdictional arguments and the analysis of Judge Calabresi in his separate opinion.[1]

To qualify for a waiver of inadmissibility under 8 U.S.C. § 1182(i)(1), a petitioner is required to demonstrate, "to the satisfaction of the Attorney General," that a refusal to admit the petitioner would result in "extreme hardship" to a qualifying relative. Zhang argues that the statutory phrase "to the satisfaction of the Attorney General" in § 1182(i)(1) serves to entrust the extreme-hardship determination to the Attorney General in the first instance, but that the decision nevertheless is "nondiscretionary" and therefore subject to judicial review. *See* Pet'r's Br. at 10–16. This argument, however, is inconsistent with our governing precedents and the applicable statutory language.

The plain language of § 1182(i)(1) specifically provides that an applicant must demonstrate extreme hardship "to the satisfaction of the Attorney General"—language that, as we have held before, "clearly entrusts the decision to the Attorney General's discretion." *See Xiao Ji Chen v. DOJ*, 434 F.3d 144, 154 (2d Cir.2006) (noting that the existence of "changed" or "extraordinary" circumstances under 8 U.S.C. § 1158(a)(2)(D), which the petitioner must prove "to the satisfaction of the Attorney General," is a "discretionary and factual determination[ ]"); *Kalkouli v. Ashcroft*, 282 F.3d 202, 204 (2d Cir.2002) (construing phrase "in the opinion of the Attorney General" as a "clear[ ]" grant of "discretion"); *see also Vasile v. Gonzales*, 417 F.3d 766, 768 (7th Cir.2005) ("Permissive language that refers to demonstrating something to the agency's 'satisfaction' is inherently discretionary."). Were we to accept Zhang's contention that the statutory phrase "to the satisfaction of the Attorney General" merely serves "to identify the decision-maker," Pet'r's Br. at 13 (citing *Nakamoto v. Ashcroft*, 363 F.3d 874, 879–80 (9th Cir.2004)), we would render that statutory language mere surplusage, inasmuch as every determination regarding a waiver of inadmissibility or an adjustment of status under the INA must be made in the first instance by the Attorney General and his delegates—namely, the IJ and the BIA. If anything, because the Attorney General and his delegates would be responsible for making the extreme-

---

hardship determination to "the opinion of the Attorney General," this court attached no consequence to the absence of that language in the present version of the statute. *De La Vega,* 436 F.3d at 145.

1. Chief Judge Walker having joined this separate concurring opinion, the views expressed herein constitute the views of a majority of the panel.

hardship determination in the first instance even *absent* this phrase, the inclusion of this language in 8 U.S.C. § 1182(i)(1) reinforces the conclusion here, consistent with *Xiao Ji Chen* and *Kalkouli*, that the provision serves as an express grant of discretion to the Attorney General in making the extreme-hardship determination. Such discretionary judgments, as we held in *De La Vega v. Gonzales*, 436 F.3d 141, 144 (2d Cir.2006), fall within the plain language of the jurisdiction-denying provision at 8 U.S.C. § 1252(a)(2)(B)(i).[2]

I also agree with Chief Judge Walker that Zhang, in challenging the IJ's extreme-hardship determination, has failed to raise a "constitutional claim[ ] or question[ ] of law" within the meaning of section 106(a)(1)(A)(iii) ("Section 106") of the REAL ID Act of 2005, 8 U.S.C. § 1252(a)(2)(D). In *Xiao Ji Chen*, we concluded that, notwithstanding the jurisdiction-restoring language of the REAL ID Act, "we remain deprived of jurisdiction to review *discretionary and factual determinations.*" *Xiao Ji Chen*, 434 F.3d at 154 (emphasis added); *see also Bugayong v. INS*, 442 F.3d 67, 72 (2d Cir.2006) ("[T]he term 'questions of law' in 8 U.S.C. § 1252(a)(2)(D) does not provide our Court with jurisdiction to review a petitioner's challenge to a decision firmly committed by statute to the discretion of the Attorney General."); *Higuit v. Gonzales*, 433 F.3d 417, 420 (4th Cir.2006) ("We are not free to convert every immigration case into a question of law, and thereby undermine Congress's decision to grant limited jurisdiction over matters committed in the first instance to the sound discretion of the

Executive."); *Vasile v. Gonzales*, 417 F.3d 766, 768 (7th Cir.2005) ("Notwithstanding [Section 106] of the [REAL ID] Act ... discretionary or factual determinations continue to fall outside the jurisdiction of the court of appeals entertaining a petition for review.").

■ In *Xiao Ji Chen*, we held that an IJ's finding of "changed" or "extraordinary" circumstances under 8 U.S.C. § 1158(a)(2)(D) is a "predominantly factual determination, which will invariably turn on the facts of a given case," 434 F.3d at 154 (quoting *Ramadan v. Gonzales*, 427 F.3d 1218, 1221–22 (9th Cir.2005)), and we further held that such determinations constitute "discretionary" decisions, inasmuch as the statute specifies that they must be made "to the satisfaction of the Attorney General," *id.* Likewise, the decision here as to whether the petitioner has established extreme hardship is a "predominantly factual," as well as "discretionary," determination that the statute specifies must be made "to the satisfaction of the Attorney General." *See In re Cervantes–Gonzalez*, 22 I. & N. Dec. 560, 565 (BIA 1999) ("As we have stated in other cases involving discretionary relief, extreme hardship is *not a definable term of fixed and inflexible meaning*, and the elements to establish extreme hardship are *dependent upon the facts and circumstances of each case.*" (emphases added)); *Okpa v. INS*, 266 F.3d 313, 317 (4th Cir.2001) ("The question of whether an alien can show extreme hardship [under 8 U.S.C. § 1182(i)(1) ] is committed to the Attorney General's discretion by statute.").[3] Because such "discretionary and factual de-

---

2. Congress's intent to deny judicial review of discretionary determinations under 8 U.S.C. § 1182(i)(1) is further underscored by the language of § 1182(i)(2), which states that "[n]o court shall have jurisdiction to review a decision or action of the Attorney General regarding a waiver under [§ 1182(i)(1) ]."

3. Judge Calabresi suggests in his concurring opinion that Zhang's claim involves the "application[ ] of contoured statutory language to a particular set of facts," thus implicating a "question of statutory construction" with respect to "the definition of 'extreme hardship.'" *See* Concurrence of Judge Calabresi at

180. This case, however, does not present any question as to the *definition* of extreme hardship—a term that the BIA has explicitly described as "not ... definable," *see In re Cervantes–Gonzalez,* 22 I. & N. Dec. at 565—but rather, whether such hardship *has actually been demonstrated* "to the satisfaction of the Attorney General" under the particular "facts and circumstances" of this case, *see id.* Such determinations—unlike the non-discretionary definition of "parent" as used in 8 U.S.C. § 1182(i)(1), *see* Concurrence of Judge Calabresi at 180; *see also* 8 U.S.C. § 1101(b)(1), (2) (defining "child" and "parent" under the INA)—are by their very nature fact-intensive and entail a discretionary weighing of multiple, non-exclusive factors against the backdrop of a statutory standard that the BIA has expressly stated may be construed "narrowly" in individual cases. *See In re Cervantes–Gonzalez,* 22 I. & N. Dec. at 565–66; *see also Morales Ventura v. Ashcroft,* 348 F.3d 1259, 1262 (10th Cir.2003) ("[T]here·is no algorithm for determining when a hardship is 'exceptional and extremely unusual.' The decision regarding when hardship has reached that level is a judgment call. In other words, *the decision requires the exercise of discretion.*" (emphasis added)); *cf. Dos Santos v. Gonzales,* 440 F.3d 81, 83 (2d Cir.2006) (finding jurisdiction to review whether the petitioner's crime of conviction constituted an "aggravated felony" as defined by 8 U.S.C. § 1101(a)(43)(F)); *Joaquin–Porras v. Gonzales,* 435 F.3d 172, 178–80 (2d Cir.2006) (finding jurisdiction to review non-discretionary calculation of "1 year" deadline for filing of asylum application under 8 U.S.C. § 1158(a)(2)(B), but not whether the petitioner had established "changed" or "extraordinary" circumstances under § 1158(a)(2)(D), which must be established "to the satisfaction of the Attorney General").

Were we to adopt Judge Calabresi's understanding of Zhang's claims, any discretionary, fact-based decision—including the determination of "changed" or "extraordinary" circumstances in *Xiao Ji Chen*—could be recast as a definitional inquiry involving the "application[] of contoured statutory language to a particular set of facts." Having held that the decisions at issue in *Xiao Ji Chen* constituted "discretionary and factual determinations" entrusted by statute "to the satisfaction of the Attorney General," 434 F.3d at 154, it would be inconsistent to adopt a contrary holding here with respect to the functionally identical standard of "extreme hardship" under 8 U.S.C. § 1182(i)(1). *Compare* 8 U.S.C. § 1158(a)(2)(D) (requiring that "changed circumstances" be found "to the satisfaction of the Attorney General"), *and* 8 C.F.R. § 1208.4(a)(4)(i) (providing examples of "changed circumstances"), *with* 8 U.S.C. § 1182(i)(1) (requiring that "extreme hardship" be established "to the satisfaction of the Attorney General"), *and In re Cervantes–Gonzalez,* 22 I. & N. Dec. at 565–66 (providing non-exclusive factors relevant to determining "extreme hardship").

Judge Calabresi also suggests that this case involves a "non-discretionary" determination implicating "the BIA's interpretation of a particular statutory term"—namely, whether an applicant has demonstrated "extreme hardship"—as opposed to "the agency's *ultimate* exercise of discretion"—namely, whether a waiver of inadmissibility is warranted under 8 U.S.C. § 1182(i)(1). *See* Concurrence of Judge Calabresi at 180 (emphasis added). Although the IJ here assumed that "as a matter of discretion [Zhang] could be granted the waiver [of inadmissibility] he is seeking," it is also the case, as indicated above, that an applicant is required to establish extreme hardship "to the satisfaction of the Attorney General," which is itself an independent grant of discretion. In other words, the plain language of 8 U.S.C. § 1182(i)(1) evinces *multiple* levels of discretion with respect to both the predicate finding of extreme hardship *and* the ultimate granting of a waiver of inadmissibility.

Nor is there support for Judge Calabresi's statement that the extreme-hardship determination at issue here is "akin to judgments of family hardship" made under the federal sentencing guidelines. *See* Concurrence of Judge Calabresi at [180 n. 1]. In addition to the most obvious difference between extreme-hardship determinations under the INA and hardship determinations under the Guidelines—namely, that our jurisdiction to review the former is barred by statute, *see* 8 U.S.C. § 1252(a)(2)(B)(i); 8 U.S.C. § 1182(i)(2)—it is instructive that the sentencing cases cited by Judge Calabresi reviewed the hardship determinations at issue for an abuse of discretion. *See Kalkouli,* 282 F.3d at 204 ("True, in *Blanco* [*v. INS,* 68 F.3d 642 (2d Cir.1995) (predating the IIRIRA amendments of 1996),] we reversed a BIA determination on the question of 'extreme hardship' as an abuse of discretion. But that is precisely the point: The BIA's decision was deemed a matter of *discretion.*" (citation omitted)).

terminations" fall outside the scope of the jurisdiction-restoring provision of 8 U.S.C. § 1252(a)(2)(D), *see Xiao Ji Chen*, 434 F.3d at 154, our review of Zhang's claim remains precluded by the jurisdictional bar established at 8 U.S.C. § 1252(a)(2)(B)(i).[4] *See Elysee v. Gonzales*, 437 F.3d 221, 223–24 (1st Cir.2006) (holding that the petitioner's claim, *inter alia*, that the IJ "complete[ly] disregard[ed]" relevant hardships "d[id] not raise even a colorable constitutional claim or question of law" because the petitioner merely "attack[ed] ... the factual findings made and the balancing of factors engaged in by the IJ").

Accordingly, for the reasons stated here and in Chief Judge Walker's opinion, we lack jurisdiction to review Zhang's petition.

CALABRESI, Circuit Judge, concurring:

Because I believe this case is not, in relevant part, distinguishable from *De La Vega v. Gonzales*, 436 F.3d 141 (2d Cir. 2006), I concur. As Chief Judge Walker's opinion states, the "extreme hardship" determination at issue in this case was made "in the same manner and under practically identical standards" as the "exceptional and extremely unusual hardship" determination that we considered in *De La Vega*. Having concluded in *De La Vega* that this is a discretionary judgment, unreviewable under 8 U.S.C. § 1252(a)(2)(B)(i), we are bound under our Court's practice to reach the same conclusion in this case. *See Nicholas v. Goord*, 430 F.3d 652, 659 (2d Cir.2005) ("[W]e are bound by our own precedent unless and until its rationale is overruled, implicitly or expressly, by the Supreme Court or this court *en banc.*" (internal quotation marks omitted)).

Nor do I believe that the REAL ID Act of 2005, Pub.L. 109–13, 119 Stat. 231, gives our Court jurisdiction to review truly discretionary judgments of the Attorney General or his delegee, the Executive Office for Immigration Review ("EOIR"). As we held in *Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144 (2d Cir.2006), section 106 of the REAL ID Act, which provides that the jurisdiction-stripping portions of the Act should not be construed as precluding review of "constitutional claims or questions of law," REAL ID Act § 106(a)(1)(A)(iii) (codified at 8 U.S.C. § 1252(a)(2)(D)), is best read as applying to constitutional questions and to questions

---

**4.** Judge Calabresi agrees that 8 U.S.C. § 1252(a)(2)(D) "is best read as applying to constitutional questions and to questions that sound in statutory construction," but he suggests that a decision must be "truly" or "purely" discretionary to fall outside the jurisdiction-restoring provisions of the REAL ID Act. *See* Concurrence of Judge Calabresi at [179–81]. In raising a similar argument, Zhang relies heavily on the Ninth Circuit's decision in *Nakamoto v. Ashcroft*, 363 F.3d 874 (9th Cir.2004), which stated that "[8 U.S.C.] § 1252(a)(2)(B)(ii) applies only to those types of decisions or acts for which the authority is specified to be *entirely* discretionary," *id.* at 880 (emphasis added) (citing *Spencer Enters., Inc. v. United States*, 345 F.3d 683, 690 (9th Cir.2003)). It is notable, however, that *Nakamoto* interpreted 8 U.S.C. § 1252(a)(2)(B)(ii), rather than 8 U.S.C. § 1252(a)(2)(B)(i), which governs here, and that even on its own terms, *Nakamoto's* interpretation of § 1252(a)(2)(B)(ii) is inconsistent with the plain language of the statute, which explicitly refers to decisions that rest *"in the discretion* of the Attorney General," 8 U.S.C. § 1252(a)(2)(B)(ii) (emphasis added), not to decisions that rest "entirely," "truly," or "purely" in the discretion of the Attorney General. In any event, because the proposed distinction between "purely discretionary" and "discretionary" decisions is largely illusory, no such distinction is warranted in this case; it is enough, as we stated in *Xiao Ji Chen*, that a decision be entrusted "to the satisfaction of the Attorney General" in order for that decision to fall outside the jurisdiction-restoring provision of 8 U.S.C. § 1252(a)(2)(D).

that sound in statutory construction. *See Xiao Ji Chen*, 434 F.3d at 151–54.

I am less sure, however, that *De La Vega* was correct that the hardship determination in that case was not, in fact, one of statutory construction. To be sure, extreme hardship can be interpreted as "discretionary" in the sense that it is a "judgment call" on the part of the Immigration Judge or the BIA. *See Morales Ventura v. Ashcroft*, 348 F.3d 1259, 1262 (10th Cir. 2003). On the other hand, one can read the hardship determinations both in *De La Vega* and in this case as applications of contoured statutory language to a particular set of facts.[1]

If, for example, the BIA were to deny an alien's petition, not because it deemed the hardship to, say, the alien's adoptive mother insufficiently serious, but because it determined that an adoptive mother was not a "parent" within the meaning of 8 U.S.C. § 1182(i) (permitting a fraud waiver where the Attorney General is satisfied that deportation would result in extreme hardship to an alien's citizen or lawfully resident "spouse or parent"), I take it that it we would have jurisdiction under the REAL ID Act to question the agency's statutory interpretation. It is not clear to me why the definition of "parent" is any more a question of statutory construction, and therefore reviewable by our Court, than is the definition of "extreme hardship."

For our Court to conflate questions of statutory construction with matters of pure discretion is particularly unfortunate when, as in both *De La Vega* and in this case, the EOIR itself distinguishes between the two questions. In *De La Vega*, the IJ found that the applicant had shown "exceptional and extremely unusual hardship" and that "all the discretionary aspects in [the] case indicate[d] that he merit[ed] the favorable exercise of discretion." *De La Vega*, 436 F.3d at 143. The BIA vacated the IJ's hardship finding, concluding that the alien had not shown hardship that was sufficient to meet the statutory requirement of "exceptional," and denied cancellation of removal. In this case, the IJ found that, because the misrepresentations Zhang made were relatively minor,[2] "as a matter of discretion the respondent could be granted the waiver he is seeking." The IJ held, though, that because any hardship to Zhang's mother was not "extreme," Zhang was statutorily ineligible for a waiver. The BIA agreed with the IJ's no-hardship finding, and did not address his, apparently distinct, statement that Zhang could have been granted a hardship waiver as a discretionary matter.

In *De La Vega*, then, the IJ framed the hardship determination as discretionary, and the BIA said that it wasn't. In the case before us, the IJ expressly framed

---

**1.** The determination, in this sense, would be akin to judgments of family hardship that district judges made in considering downward departures from the Sentencing Guidelines before *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). When application of the Guidelines was mandatory, our court routinely reversed such departures when we determined that district judges had abused their discretion by departing where the relevant hardship was "[too] far removed from those *found exceptional in existing case law*." *United States v. Faria*, 161 F.3d 761, 762 (2d Cir.1998) (per curiam) (emphasis added); *see, e.g., United States v.*

*Smith*, 331 F.3d 292, 294 (2d Cir.2003); *United States v. Carrasco*, 313 F.3d 750, 756–57 (2d Cir.2002).

**2.** Indeed, I would question whether, in the circumstances of this case, misrepresenting one's date of birth to appear three years older and using a nickname qualify as "willfully misrepresenting a *material* fact" under 8 U.S.C. § 1182(a)(6)(C)(1) (emphasis added). As Chief Judge Walker's opinion says, however, Zhang does not dispute his inadmissibility under the statute.

the hardship determination as non-discretionary and the BIA agreed. The BIA is, of course, free to treat "extreme hardship" as it might treat "parent"—i.e., as a question of statutory interpretation constrained, as usual, by common understanding, prior agency and judicial pronouncements, and the ordinary tools of legislative analysis. Doing so makes the *ultimate* decision of whether to grant a hardship waiver no less discretionary, and, as such, no less shielded from collateral review by our Court. Doing so entails, however, that our Court is permitted to review whether the BIA's interpretation of a particular statutory term (as against the agency's ultimate exercise of discretion) was correct.[3] *See Xiao Ji Chen*, 434 F.3d at 154; *Ramadan v. Gonzales*, 427 F.3d 1218, 1222 (9th Cir.2005).

I do not feel it would be intellectually honest to attempt to distinguish this case from *De La Vega*. I, therefore, concur in Chief Judge Walker's opinion, but I do believe that the question of how to differentiate between purely discretionary determinations, which we lack jurisdiction to reconsider, and matters of statutory construction, which we have both the power and the obligation to review, is an important one that some court—perhaps our own *en banc*, perhaps a higher court—should address in the fullness of time.

---

[3]. After according our customary deference to the agency under *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984), etc.