**XIAO YING LIU and Shi Yu Li, Petitioners,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Alberto R. Gonzales, Respondent.**

No. 05–6745–AG.

United States Court of Appeals, Second Circuit.

Aug. 17, 2006.

Yee Ling Poon, Robert Duk–Hwan Kim, NY, for Petitioners.

Anthony J. Jenkins, United States Attorney, Angela P. Tyson–Floyd, Assistant United States Attorney, St. Croix, VI, for Respondent.

Present JON NEWMAN, GUIDO CALABRESI and SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Xiao Ying Liu, through counsel, petitions for review of the BIA decision affirming Immigration Judge ("IJ") Jeffrey Chase's denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). The Court reviews *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). It reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

Even assuming arguendo that this Court has jurisdiction to review the IJ's finding that Liu failed to file her application within a reasonable period of her changed person-

al circumstances materially affecting her eligibility for relief, *but cf. Xiao Ji Chen,* 434 F.3d at 154; *Jun Min Zhang v. Gonzales,* 457 F.3d 172 (2d Cir.2006), petitioner's asylum claim is unavailing.

The IJ determined that Liu failed to show that she would likely be forcibly sterilized upon return to China on account of her two United States-citizen children. He noted that the Asylum Profile and Country Report indicated that the birth of two children while living abroad has not been established as a violation of the family planning policy. He also noted the Country Report's contention that the Chinese government relied on economic incentives and sanctions to enforce its family planning policy, as opposed to forcible birth control measures. This Court has warned against overreliance on a State Department report suggesting that an individual in the applicant's circumstances would not generally reasonably fear persecution. *Tian–Yong Chen,* 359 F.3d at 130. Here, the IJ's conclusion that Liu's fear of future persecution was unfounded is substantially supported by the record as a whole; he considered the State Department's country materials in conjunction with Liu's written testimony and submitted documentary evidence and reasonably determined that nothing indicated that she would be treated as a violator of the family planning policy due to her two United States-citizen children. *Cf. Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir. 2005) (finding that, "[i]n the absence of solid support in the record" for petitioner's assertion that he will be subjected to persecution on account of his two U.S.-born children, "his fear is speculative at best"). As there is no evidence in the record indicating that Liu would likely be tortured upon return to China, the IJ's denial of relief under the CAT was also appropriate.

For the foregoing reasons, the petition for review is DENIED.