**SU PING HUANG, Xiang Bao
Huang, Petitioners,**

v.

**U.S. DEPARTMENT OF JUSTICE,
Alberto R. Gonzales, Attorney
General, Respondents.**

No. 06–2585–ag.

United States Court of Appeals,
Second Circuit.

March 29, 2007.

**2**

Khagendra Gharti–Chhetry, New York, NY, for Petitioners.

Colm F. Connolly, United States Attorney; Seth M. Beausang, Assistant United States Attorney, Wilmington, DE, for Respondents.

PRESENT: Hon. RALPH K. WINTER, Hon. PIERRE N. LEVAL, Hon. JOSÉ A. CABRANES, Circuit Judges.

### SUMMARY ORDER

Petitioners Su Ping Huang and Xiang Bao Huang, natives and citizens of the People's Republic of China, seek review of a May 5, 2006 order of the BIA affirming the December 16, 2004 decision of Immigration Judge ("IJ") Paul A. DeFonzo denying Su Ping Huang's application for asylum, withholding of deportation, and relief under the Convention Against Torture ("CAT"), as well as Xiang Bao Huang's derivative application. *In re Su Ping Huang, a.k.a. Su Pin Huang,* No.A73 133 008 (B.I.A. May 5, 2006), *aff'g In the Matters of SuPin Huang, Xiang Bao Huang,* Nos. A73 133 008, A77 353 601 (Immig.Ct.N.Y.City, Dec. 16, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA affirms the IJ's decision in some respects but not others, this Court reviews the IJ's decision as modified by the BIA decision, i.e., minus those arguments for denying relief that were rejected by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005).[1] This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir. 2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 339–40 (2d Cir. 2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

Substantial and material inconsistencies in the record support the IJ's adverse credibility determination. *See Se-*

1. Prior to the REAL ID Act of 2005, this case would have been governed entirely by the IIRIRA's transitional rules because Huang was in deportation proceedings before April 1, 1997, and the final order of deportation she is challenging was entered more than 30 days after September 30, 1996. *See* IIRIRA § 309(c); *Mariuta v. Gonzales,* 411 F.3d 361, 363 n. 3 (2d Cir.2005). However, section 106(d) of the REAL ID Act, 119 Stat. 311, requires that this Court treat the case as if it had been filed under the IIRIRA's permanent rules (as amended by the REAL ID Act). *See*

*Jun Min Zhang v. Gonzales,* 457 F.3d 172 (2d Cir.2006); *Paripovic v. Gonzales,* 418 F.3d 240, 243 (3rd Cir.2005); *Elia v. Gonzales,* 431 F.3d 268, 272–73 (6th Cir.2005); *Sotelo v. Gonzales,* 430 F.3d 968, 970 (9th Cir.2005). In any event, the standard of review of factual findings is the same under both the permanent and transitional rules. *See Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 n. 7 (2d Cir. 2004) (noting that the permanent rules simply codified the standard that was already applicable in transitional rules cases).

*caida–Rosales v. INS*, 331 F.3d 297, 308 (2d Cir.2003). Most critically, the IJ accurately noted that Huang omitted from her airport statement any claim that she had been subjected to persecution in China. The IJ was entitled to rely on Huang's airport statement, which reflects questions designed to elicit the details of her asylum claim, and no indication that there were translation difficulties or a reluctance to provide information to the immigration officials conducting the interview. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 179–80 (2d Cir.2004) (providing factors that the Court generally considers to ensure that an airport interview represents a "sufficiently accurate record" of the applicant's statements to merit consideration in determining whether the applicant is credible).

■ Additionally, substantial evidence also supports the BIA's determination that the IJ erred in concluding that Huang established a well-founded fear of persecution based on the birth of her second child. The BIA, in reaching its determination, properly relied on the fact that Huang's application was not supported by specific evidence that Chinese nationals returning to China with children born abroad were subjected to forced sterilizations. *See Matter of C–C–*, 23 I. & N. Dec. 899, 902–03 (BIA 2006). Huang asserted in her written application and at the hearing that when the family planning officials discovered that she had a second child and was living in the United States, they damaged her house, confiscated her furniture, ordered her parents-in-law to attend family planning policy "study," and informed them that Huang would have to be sterilized. However, because the BIA and IJ reasonably found Huang's testimony to be not credible, only the background materials remained as evidence to support Huang's well-founded fear claim.

The State Department Report contained in this record indicates that the family planning law requires couples who have an unauthorized child to pay a "social compensation fee," and permits local authorities to take "forcible action," such as confiscation of property, with court approval. The report also indicates that, while a strict one-child limit applied in cities, the family planning policy was "often relaxed" to allow a second child if the first one was a girl. Further, the background materials submitted by the Government indicate that couples who have an unauthorized child while residing abroad are not likely to face penalties upon returning to China, and that if returnees are punished at all for violating the family planning policy, it is generally with fines. Thus, because Huang failed to present evidence that, if returned to Yongjia province, she would be subject to penalties under the family planning policy because of the birth of her second child in the United States, the BIA properly found that she did not meet her burden of proof for asylum or withholding of deportation. *Id.* at 902–03; *but see Shou Yung Guo v. Gonzales*, 463 F.3d 109, 114–15 (2d Cir.2006) (remanding case for the BIA to consider documents purporting to show that foreign-born children would be counted in Fujiain province in determining violations of China's one-child policy).

■ Lastly, Because Huang failed to raise her illegal departure claim in her brief to the Court, any challenge to the BIA's and IJ's denial of relief with regard to such claim is deemed waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1; 546 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request

for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).