**Arturo Maurino RODRIGUEZ–BRITO, Petitioner,**

v.

**Alberto GONZALES, Attorney General, Respondent.**

Nos. 05–1235–ag(L), 05–4070–ag(CON).

United States Court of Appeals, Second Circuit.

April 26, 2007.

H. Raymond Fasano, Madeo & Fasano, New York, NY, for Petitioner.

Tara Louise Casey, Assistant United States Attorney (Chuck Rosenberg, United States Attorney for the Eastern District of Virginia, on the brief), Richmond, VA, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROSEMARY S. POOLER, Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Arturo Maurino Rodriguez–Brito petitions for review of the BIA's decision issued February 18, 2005, which affirmed by per curiam opinion Immigration Judge ("IJ") Robert Weisel's February 14, 2003 denial of his application for § 212(c) relief. *In re Rodriguez–Brito,* A 31 312 326 (B.I.A. Feb. 18, 2005), *aff'g* A 31 312 326 (Immig. Ct. N.Y. City Feb. 14, 2003). We assume the parties' familiarity with the underlying facts and the specification of issues on appeal.

We reject Rodriguez–Brito's contention that his due process rights were violated by the IJ's failure to accept documents that were untimely filed. The BIA considered these documents and concluded that they would not "change the result in these proceedings." Contrary to Rodriguez–Brito's argument, this was not improper fact-finding by the BIA. The BIA considered the late submissions in order to rule on Rodriguez–Brito's alternative request for remand. *See Sanusi v. Gonzales,* 445 F.3d 193, 201 (2d Cir.2006) (per curiam) (citing *Matter of Coelho,* 20 I. & N. Dec. 464, 473 (B.I.A.1992) ("[T]he Board ordinarily will not consider a discretionary grant of a motion to remand unless the moving party meets a 'heavy burden' and presents evidence of such a nature that the Board is

satisfied that if proceedings before the immigration judge were reopened, with all the attendant delays, the new evidence offered would likely change the result in the case.")). Accordingly, the BIA did not commit legal error, and we lack jurisdiction to examine the correctness of the BIA's conclusion that the § 212(c) factors did not warrant a grant of discretionary relief. *See* 8 U.S.C. § 1252(a)(2)(B)(i) [1]; *De La Vega v. Gonzales*, 436 F.3d 141, 144, 146–47 (2d Cir.2006) (holding that this Court lacks jurisdiction to review "the BIA's discretionary determinations concerning whether to grant cancellation of removal," and that "[s]ection 106 of the REAL ID Act does not override the jurisdiction-denying provision of 8 U.S.C. § 1252(a)(2)(B)" unless the petitioner raises a "constitutional claim [ ] or question[ ] of law" within the meaning of 8 U.S.C. § 1252(a)(2)(D)); *see also Wallace v. Gonzales*, 463 F.3d 135, 140–41 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED IN PART and DISMISSED IN PART. Our review having been completed, the pending motion for stay of removal is DENIED as moot.

---

**1.** Prior to the REAL ID Act of 2005, this case would have been governed by IIRIRA's transitional rules because Rodriguez–Brito was in deportation proceedings before April 1, 1997, and the final order of deportation was entered more than 30 days after September 30, 1996. *See* IIRIRA § 309(c), Pub.L. No. 104–208, 110 Stat. 3009–626 (1996); *Mariuta v. Gonzales*, 411 F.3d 361, 363 n. 3 (2d Cir.2005). Section 106(d) of the REAL ID Act, Pub.L. No. 109–13, 119 Stat. 311 (2005), requires that this Court treat the case as if it had been filed under the IIRIRA's permanent rules (as amended by the REAL ID Act). *See Jun Min Zhang v. Gonzales*, 457 F.3d 172, 175 (2d Cir.2006). We note, however, that even under IIRIRA's transitional rules, we would lack jurisdiction to review "any discretionary decision under section 212(c)." IIRIRA § 309(c)(4)(E).