11-1017-ag
Zheng v. Holder

BIA
Videla, I.J.
A073 185 600

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of September, two thousand twelve.

PRESENT:
> JOHN M. WALKER, JR.,
> REENA RAGGI,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

En Zheng,
> *Petitioner,*

v.                                              11-1017-ag
                                                NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Gary J. Yerman, New York, NY.

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General; Anthony C. Payne, Senior
                         Litigation Counsel; Stuart S.
                         Nickum, Trial Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

En Zheng, a native and citizen of China, seeks review of a February 14, 2011 order of the BIA, affirming the June 22, 2009 decision of Immigration Judge ("IJ") Gabriel C. Videla, which denied his motion to reopen. *In re En Zheng*, No. A073 185 600 (BIA Feb. 14, 2011), *aff'g* No. A073 185 600 (Immigr. Ct. N.Y. City June 22, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the denial of a motion to reopen for abuse of discretion. *See Debeatham v. Holder*, 602 F.3d 481, 484 (2d Cir. 2010) (per curiam). Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). When the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review factual findings under the substantial evidence standard.[1] *See* 8 U.S.C. § 1252(b)(4)(B) ("[T]he

---

[1] Prior to the REAL ID Act of 2005, this case would have been governed entirely by the transitional rules of

administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."); *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

An alien may move to reopen his case, but must generally do so within 90 days of the entry of the final order of deportation in the underlying proceeding. 8 CFR § 1003.23(b)(1). A motion that does not comply with this time limitation can be brought if the alien establishes both "changed country conditions arising in the country of nationality or the country to which [deportation] has been ordered," *id.* § 1003.23(b)(4)(i), and prima facie eligibility for relief, *see Poradisova v. Gonzales*, 420 F.3d

the Illegal Immigration Reform and Immigration Responsibility Act ("IIRIRA") because Zheng was in deportation proceedings before April 1, 1997, and the final order of deportation he is challenging was entered more than 30 days after September 30, 1996. *See* IIRIRA § 309(c); *Mariuta v. Gonzales*, 411 F.3d 361, 363 n.3 (2d Cir. 2005). However, section 106(d) of the REAL ID Act, Pub. L. No. 109-13, requires that we treat the case as if it had been filed under the IIRIRA's permanent rules (as amended by the REAL ID Act) codified in 8 U.S.C. § 1252. *See Jun Min Zhang v. Gonzales*, 457 F.3d 172, 174-75 (2d Cir. 2006). In any event, the standard of review of factual findings is the same under both the permanent and transitional rules. *See Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 n.7 (2d Cir. 2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305 (2d Cir. 2007) (en banc).

70, 78 (2d Cir. 2005). Zheng's 2009 motion to reopen was untimely because the IJ's deportation order in the underlying proceeding was entered in 1997. He was therefore required to establish a change in country conditions.

The IJ, having found that Zheng failed to establish changed country conditions, acted within his discretion in denying Zheng's motion on the ground that a change in personal circumstances in the United States (i.e., his participation in Christian church services since 2008) was insufficient to excuse his untimely motion. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006); *cf. Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130-31 (2d Cir. 2005) (per curiam).

Zheng contends that the agency mischaracterized his motion as based on changed personal circumstances rather than on changed country conditions. However, the IJ expressly found that the evidence he submitted was insufficient to establish changed country conditions in China. Likewise, the BIA concluded that Zheng had failed to establish changed country conditions with respect to China's treatment of Christians and underground churches.

The agency's finding is supported by substantial evidence. Although some evidence indicates that the Chinese government may have intensified its repression of unregistered religious groups in certain regions in the period leading up to and during the 2008 Summer Olympics, that intensification was not material to Zheng's motion, which was filed in April 2009, well after the Olympics had concluded. *See Jian Hui Shao*, 546 F.3d at 169.

To the extent that Zheng urges the Court to take judicial notice of an October 2009 Congressional-Executive Commission Report (which is not part of the administrative record and pre-dates the BIA's decision), we decline the invitation as our review is limited to the agency record, *see* 8 U.S.C. § 1252(b)(4)(A), and remand for the agency's consideration would be inappropriate, *see Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 269–72 (2d Cir. 2007).

In any event, a report's statement that oppression of religious minorities intensified during a particular period does not, standing alone, undermine the agency's finding. The same evidence Zheng relies on also contradicts his argument that conditions in China have materially worsened since his last hearing, as it showed a continuation of China's policy of controlling religious activity, and that,

5

in some regions, unregistered Christian groups have operated openly, with full knowledge of local officials.  Evidence pertaining to the country conditions in China at the time of Zheng's last hearing (i.e., a 1995 U.S. State Department report) also supports the IJ's finding that China's current policy is a continuation of, rather than a material change in, its treatment of religious activity and, specifically, unregistered churches.  Consequently, we do not disturb the agency's finding.  *See Jian Hui Shao*, 546 F.3d at 171; *Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007).

Zheng argues that his father's affidavit regarding the arrest of members of an underground church (including a neighbor) "establishes that the recent campaign of religious persecution has spread to [his] region of China," i.e., the Fuzhou area in the Fujian province.  However, this does not represent a material change.  As the 1995 State Department report found: "A growing number of [asylum] cases from China, especially from the Fuzhou area in Fujian province, claim persecution on account of religion.  Most asylum applications on account of religion are by claimed members of the unsanctioned Christian churches in China, both Catholic and Protestant."  Moreover, the BIA acted within its discretion in giving little weight to his father's

6

affidavit as hearsay from an interested party.  *Cf. Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006).

As substantial evidence supports the agency's finding that Zheng failed to establish changed country conditions to excuse his untimely motion to reopen, we need not address whether the agency improperly discounted evidence of his Christian practice, or whether he is prima facie eligible for relief.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and Zheng's pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk