Irfan v. Lynch
BIA
Vomacka, IJ
A076 551 093

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of May, two thousand sixteen.

PRESENT:  JOSÉ A. CABRANES,
CHESTER J. STRAUB,
RAYMOND J. LOHIER, JR.,
*Circuit Judges.*

---

RANA MOHAMMAD IRFAN,

*Petitioner,*

v.                                                                                    14-3175

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,

*Respondent.*

---

FOR PETITIONER:      MEREDITH E. KALMAN (Disha Chandiramani and Kerry W. Bretz, *on the brief*), Bretz & Coven, LLP, New York, NY.


FOR RESPONDENT:      LINDSAY M. MURPHY, Trial Attorney (Benjamin C. Mizer, Principal Deputy Assistant Attorney General, and Cindy S. Ferrier, Assistant Director, *on the brief*), U.S. Department of Justice, Civil Division, Washington, D.C.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DISMISSED**.

Petitioner Rana Mohammad Irfan, a native and citizen of Pakistan, seeks review of a July 29, 2014 decision of the BIA affirming the April 30, 2013 decision of an Immigration Judge ("IJ") denying adjustment of status and waivers of admissibility. *In re Rana Mohammad Irfan*, No. A076 551 093 (B.I.A. July 29, 2014), *aff'g* No. A076 551 093 (Immig. Ct. New York City Apr. 30, 2013). We assume the parties' familiarity with the underlying facts and the case's procedural history.

Irfan sought from the BIA a waiver of inadmissibility in order to pursue adjustment of status. *See* 8 U.S.C. § 1255(a). The agency has discretion to waive the inadmissibility of an alien if removal of the applicant would result in extreme hardship to the applicant's U.S. citizen spouse. 8 U.S.C. § 1182(h)(1)(B), (i). An agency finding that an applicant seeking a waiver failed to show extreme hardship to a qualifying relative is a discretionary determination not subject to judicial review, *Zhang v. Gonzales*, 457 F.3d 172, 175-76 (2d Cir. 2006); similarly, we lack jurisdiction to review discretionary denials in cases where extreme hardship is made out, *Bugayong v. INS*, 442 F.3d 67, 72-73 (2d Cir. 2006). We do, however, retain jurisdiction to review colorable constitutional claims and questions of law. *See* 8 U.S.C. § 1252(a)(2)(D); *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 39 (2d Cir. 2007).

Irfan first argues that the BIA committed legal error by failing to consider all of the evidence relevant to the hardship determination. This argument addresses itself not to any question of law, but to the BIA's weighing of the evidence—an operation we lack jurisdiction to review. It is true that when facts critical to the inquiry into hardship are "totally overlooked" or "seriously mischaracterized" by the agency, "an error of law has occurred." *Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009). But nothing of the sort happened in this case. The BIA discussed the factors underlying its conclusion that Irfan's removal would not result in severe hardship to his spouse (e.g., her reasonably good health, the unlikelihood that any financial difficulties would be extreme, and her son's approaching eighteenth birthday) and cited those portions of the record and the IJ's decision that informed its assessment of the facts (e.g., Irfan's wife's work experience and the paucity of evidence showing that Irfan could not sell the family home except at a loss). *See* A.R. at 4, 86. It is of no moment that the agency conceivably could have discussed *more* evidence: "the agency does not commit an 'error of law' every time an item of evidence is not explicitly considered." *Mendez*, 566 F.3d at 323. Accordingly, we conclude that we lack power to entertain Irfan's argument.

The same is true of Irfan's contention that the agency failed properly to take account of the positive equities in denying him a waiver. The BIA acknowledged the factors that favored Irfan's cause, *see* A.R. at 4, then determined, in its discretion, that they were outweighed by circumstances favoring removal—for instance, Irfan's 2008 bribery conviction, his attempts before the I.J. to minimize the crime's severity, and the pattern of fraud and misrepresentation that has marked his

2

dealings with immigration officials during the last two decades, *see id.* at 5. We lack jurisdiction to revisit the BIA's balancing.[1]

Nor do Irfan's remaining arguments—predicated on the Due Process Clause and the rule of *SEC v. Chenery Corp.*, 318 U.S. 80 (1943)—raise any reviewable questions. These contentions simply restate, under different labeling, Irfan's argument that the BIA failed meaningfully to consider all the evidence. "[A] petitioner cannot use the rhetoric of a constitutional claim or question of law to disguise what is essentially a quarrel about factfinding or the exercise of discretion." *Barco-Sandoval*, 516 F.3d at 39 (alterations and internal quotation marks omitted).

We have reviewed all of Irfan's arguments on appeal and find them to be without merit. For the foregoing reasons, the petition for review is **DISMISSED** for lack of jurisdiction.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

---

[1] Irfan devotes a section of his brief to the argument that the BIA erred in determining that the IJ's adverse credibility determination was not clearly erroneous. This is a garden-variety "quarrel about factfinding," and, accordingly, it is beyond our power of review. *Barco-Sandoval*, 516 F.3d at 39 (internal quotation marks omitted).