06-1740-ag
Barnaby-King v. U.S. Dep't of Homeland Security

# UNITED STATES COURT OF APPEALS

# FOR THE SECOND CIRCUIT

—————

August Term, 2006

(Submitted: February 13, 2007                    Decided: May 10, 2007)

Docket No. 06-1740-ag

—————

MAUREEN ELIZABETH BARNABY-KING, also known as Maureen Elizabeth King

*Petitioner*,

– v. –

THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY,

*Respondent*.

—————

Before: WALKER, CALABRESI, *Circuit Judges*, and COTE, *District Judge*.[*]

On petition for review from a decision of the Board of Immigration Appeals, denying petitioner's applications for a waiver under § 212(i) of the Immigration and Nationality Act, *codified at* 8 U.S.C. § 1182(i), and adjustment of status under 8 U.S.C. § 1255(i).  The petition for review is DENIED.

—————

[*] The Honorable Denise Cote, United States District Judge for the Southern District of New York, sitting by designation.

Frederick P. Korkosz (Katelyn Thoms, *on the brief*), Albany, NY, *for Petitioner*.

Jeffrey P. Ray, Assistant United States Attorney, *for* Bradley J. Schlozman, United States Attorney for the Western District of Missouri, Kansas City, MO, *for Respondent*.

PER CURIAM:

Petitioner Maureen Elizabeth Barnaby-King ("Barnaby-King" or "petitioner"), a native and citizen of Jamaica, asks our court to review a March 22, 2006 order of the Board of Immigration Appeals ("BIA") which affirmed — but based on its own independent review of the record, and while assuming that Barnaby-King and her husband testified truthfully — the judgment of Immigration Judge ("IJ") Philip Montante, Jr., No. A-77-900-136 (Oct. 25, 2004). Specifically, the BIA concluded that petitioner had failed to prove the statutory threshold of "extreme hardship" to a qualifying relative under § 212(i) of the Immigration and Nationality Act ("INA"), *codified at* 8 U.S.C. § 1182(i). Because it was, in light of this failure alone, that the BIA denied the petitioner's application for adjustment of status under 8 U.S.C. § 1255(i), the BIA expressly refused to consider the propriety (1) of the IJ's decision to decline to grant a § 212(i) waiver also as a matter of discretion, and (2) of the IJ's decision denying the petitioner's request for a continuance, which Barnaby-King requested so that she could present documents both corroborating her and her husband's testimony and going to her own good moral character. For the same reasons, the BIA declined to adopt the IJ's adverse credibility finding.

**DISCUSSION**

In her petition to this court, Barnaby-King's principal argument is that the IJ erred in

-2-

denying her § 212(i) waiver and adjustment of status applications by applying an "erroneous standard of law." She also argues that the IJ deprived her of due process and abused his discretion by denying her motion for a continuance. And finally, Barnaby-King argues that the IJ's adverse credibility finding was in error. At no point, however, does Barnaby-King argue that the BIA's reasoning was also flawed and, moreover, she cannot be said to have done so inadvertently, because the BIA's separate opinion does not appear to have repeated any of the IJ's alleged mistakes.

In response to Barnaby-King's petition, the government argues that the BIA properly decided that Barnaby-King was not statutorily entitled to a waiver of inadmissibility and that, in any event, the BIA's decision on this point is not subject to appellate review in light of *Jun Min Zhang v. Gonzales*, 457 F.3d 172 (2d Cir. 2006). In addition, the government contends that appellate review of the IJ's ruling regarding a continuance is futile because it is not relevant to the dispositive ground relied upon by the BIA. The government also argues that, since the IJ's adverse credibility finding was not adopted or relied upon by the BIA, it is not at issue on appeal.

I.      *Zhang* might no longer be controlling precedent

At the outset, we note that — contrary to the government's assertion — we might not be precluded by *Zhang* from considering whether we have jurisdiction to review the BIA's "extreme hardship" determination. The panel in *Zhang* did hold that "a finding of 'extreme hardship' under 8 U.S.C. § 1182(i) is a discretionary judgment committed to the BIA . . . and that 8 U.S.C. § 1252(a)(2)(B)(i) precludes us from reviewing such a judgment." *Zhang*, 457 F.3d at 174. But this holding was required by the reasoning of an earlier opinion of this court, *De La Vega v. Gonzales*, 436 F.3d 141 (2d Cir. 2006). *See Zhang*, 457 F.3d at 175 ("Because these hardship

determinations are made in the same manner under practically identical standards and because *De La Vega* holds that the cancellation-of-removal hardship determination is discretionary, we join the Fourth Circuit in holding that the § 1182(i) hardship determination is discretionary as well."); *see also id.* at 179-80 (Calabresi, J., concurring) ("Because I believe this case is not, in relevant part, distinguishable from *De La Vega* . . . I concur . . . . I am less sure, however, that *De La Vega* was correct that the hardship determination in that case was not, in fact, one of statutory construction."). And the decision in *De La Vega*, in turn, relied partly on reasoning in *Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144 (2d Cir. 2006) ("*Xiao Ji Chen I*"). *See De La Vega*, 436 F.3d at 146 ("Applying the principle articulated in *Xiao Chen* . . . to the context of cancellation of removal, we hold that we lack jurisdiction to review the BIA's discretionary judgment . . . .").

The opinion in *Xiao Ji Chen I*, however, has recently been significantly revised. *See Xiao Ji Chen*, 471 F.3d 315, 319 (2d Cir. 2006) ("*Xiao Ji Chen II*") ("We hereby grant the petition for rehearing of our January 6, 2006 opinion in this case . . . [and] revise substantially our analysis in Part I of the earlier opinion as to what constitutes 'questions of law' under section 106(a)(1)(A)(iii) of the REAL ID Act. We hereby vacate our prior opinion and issue this opinion in its place."). Importantly, for purposes of Barnaby-King's petition, the revised opinion in *Xiao Ji Chen* instructs that, because "Part I of the prior decision has been substantially revised," any "[d]ecisions of our Court that have relied on the authority of Part I of the January 6 opinion should not be considered controlling to the extent that they interpreted the phrase 'questions of law' more narrowly than does this revised opinion." *Xiao Ji Chen II*, 471 F.3d at 319 n.\*\*. And, as noted above, the *Zhang* opinion relied implicitly on the "questions of law" reasoning in *Xiao*

*Ji Chen I.*

In light of all this, whether *Zhang* remains controlling precedent is an open question, and we are therefore presented in this case with what now possibly could, but might not, be an issue of first impression: whether we may properly exercise jurisdiction to review an "extreme hardship" determination where, as here, the BIA rested its decision solely on its view that a petitioner is "statutorily ineligible" for a § 212(i) waiver.

II.    Barnaby-King failed to challenge the BIA's decision

We need not, and so do not, decide whether we are bound by *Zhang* in this case, however, because Barnaby-King has failed to challenge the BIA's — as opposed to the IJ's — decision. The BIA did not adopt the IJ's reasoning, but instead — after observing that the IJ's opinion was "not a model of clarity" — conducted its own review of the record evidence and concluded that Barnaby-King failed to satisfy the statutory threshold of "extreme hardship."  The BIA therefore did not address the IJ's further conclusion that the § 212(i) waiver should *also* be denied as a matter of discretion.  In the circumstances of this case, it is the BIA's decision alone that counts for purposes of judicial review. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).  In focusing solely on specific errors in the IJ's opinion, Barnaby-King has failed to offer us any reason for disturbing the decision of the BIA.

Since the BIA assumed that Barnaby-King and her husband testified truthfully, and expressly denied the § 212(i) waiver on the basis of statutory eligibility alone, petitioner's arguments about the IJ's denial of a continuance and the adverse credibility finding cannot constitute reasons to grant the petition for review.

**CONCLUSION**

We have considered the petitioner's remaining arguments and find them to be without merit. The petition for review is DENIED, and the pending motion for a stay of removal in this petition is DENIED as moot.