Camara v. DHS

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

August Term, 2006

(Argued: June 26, 2007)                                          Decided: August 2, 2007)

Docket No. 06-3977-ag

BINTOUGBE CAMARA,

*Petitioner*,

v.

DEPARTMENT OF HOMELAND SECURITY,

*Respondent.*

Before: WINTER, CABRANES, and RAGGI, *Circuit Judges*.

Petitioner seeks review of an order of the Board of Immigration Appeals affirming a

decision of an Immigration Judge ("IJ") that denied her application for a waiver of inadmissibility

under Section 212(i) of the Immigration and Nationality Act, 8 U.S.C. § 1182(i).  The agency

determined that petitioner had failed to demonstrate the extreme hardship to her qualifying spouse

necessary to obtain a waiver of inadmissibility.  On appeal, petitioner contends that the IJ's decision

was erroneous and not supported by substantial evidence.  The Government asserts that this Court

lacks jurisdiction to review the IJ's discretionary and factual determinations leading to the denial of

petitioner's application.

We dismiss the petition, concluding that we lack jurisdiction to review the IJ's discretionary

and factual determinations underlying the denial of petitioner's application for a waiver of

inadmissibility, and that petitioner fails to raise any constitutional claims or questions of law.  *See Jun*

*Min Zhang v. Gonzales*, 457 F.3d 172, 175-76 (2d Cir. 2006).

1

Theodore Vialet, New York, NY, *for Petitioner*.

BRENDAN P. HOGAN, Attorney, Office of
Immigration Litigation (Peter D. Keisler,
Assistant Attorney General, Civil Division,
Jeffrey J. Bernstein, Senior Litigation Counsel,
*on the brief*), United States Department of
Justice, Washington, DC, *for Respondent*.

PER CURIAM:

Petitioner Bintougbe Camara, a native and citizen of Guinea, seeks review of an order of the
Board of Immigration Appeals ("BIA") affirming a decision of Immigration Judge ("IJ") Michael
Rocco that denied her application for a waiver of inadmissibility under section 212(i) of the
Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(i).[1] *See In re Camara*, No. A 77 906 543
(B.I.A. July 28, 2006) ("BIA Dec."), *aff'g In re Camara*, No. A 77 906 543 (Immig. Ct. Buffalo Sept.
30, 2004). Camara conceded that she was inadmissible by operation of 8 U.S.C. § 1182(a)(6)(C)(i),[2]
but sought a waiver of inadmissibility based upon the hardship that her U.S.-citizen spouse would
allegedly suffer were she to be removed to Guinea.

The IJ found that Camara had failed to demonstrate that her spouse would suffer the
extreme hardship necessary for Camara to qualify for a waiver of inadmissibility under the statute.
The BIA, while noting that Camara "present[ed] sympathetic circumstances," BIA Dec. 1,
Administrative Record 2, concluded that it could not "find that the Immigration Judge erred in

---

[1] 8 U.S.C. § 1182(i)(1) provides in pertinent part:

> The Attorney General may, in the discretion of the Attorney General, waive the application of clause
> (i) of subsection (a)(6)(C) of this section in the case of an immigrant who is the spouse, son, or
> daughter of a United States citizen or of an alien lawfully admitted for permanent residence if it is
> established to the satisfaction of the Attorney General that the refusal of admission to the United
> States of such immigrant alien would result in extreme hardship to the citizen or lawfully resident
> spouse or parent of such an alien . . . .

[2] 8 U.S.C. § 1182(a)(6)(C)(i) provides that "[a]ny alien who, by fraud or willfully misrepresenting a material fact,
seeks to procure (or has sought to procure or has procured) a visa, other documentation, or admission into the United
States or other benefit provided under this chapter is inadmissible."

2

determining that she had failed to establish that her removal would result in extreme hardship to her qualifying relative." *Id.*

On appeal, Camara argues that the agency's decision was erroneous and not supported by substantial evidence. The Government asserts, in opposition to the petition, that our Court lacks jurisdiction to review the IJ's discretionary and factual determinations leading to the denial of Camara's application. *See* 8 U.S.C. § 1182(i)(2) ("No court shall have jurisdiction to review a decision or action of the Attorney General regarding a waiver [of inadmissibility] under [8 U.S.C. § 1182(i)(1)]."); 8 U.S.C. § 1252(a)(2)(B)(i) (depriving courts of jurisdiction to review "any judgment regarding the granting of relief under . . . section 1182(i)"). The Government further argues that Camara did not raise any constitutional claims or questions of law that we would have power to review under Section 106(a)(1)(A)(iii) of the REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, 119 Stat. 231, 310-11 (codified at 8 U.S.C. § 1252(a)(2)(D)). *See* 8 U.S.C. § 1252(a)(2)(D) (restoring jurisdiction to review "constitutional claims or questions of law raised upon a petition for review").

## DISCUSSION

We write briefly to reaffirm the vitality of our earlier holding in *Jun Min Zhang v. Gonzales*, 457 F.3d 172 (2d Cir. 2006), which has been called into question by a recent decision of our Court. *See Barnaby-King v. DHS*, 485 F.3d 684, 687 (2d Cir. 2007) (observing in dicta that "whether *Zhang* remains controlling precedent is an open question").

*Zhang* held that we lack jurisdiction to review the discretionary and factual determinations underlying the denial of a waiver of inadmissibility. *See Zhang*, 457 F.3d at 174 ("We hold that . . . a finding of 'extreme hardship' under 8 U.S.C. § 1182(i) is a discretionary judgment committed to the BIA (acting on behalf of the Attorney General) and that 8 U.S.C. § 1252(a)(2)(B)(i) precludes us from reviewing such a judgment . . . ."). In reaching this conclusion, we relied on our earlier opinion

3

in *De La Vega v. Gonzales*, 436 F.3d 141 (2d Cir. 2006), which held that we lacked jurisdiction to review the discretionary and factual determinations underlying the denial of an application for cancellation of removal, a similarly discretionary form of relief that 8 U.S.C. § 1252(a)(2)(B)(i) also precludes us from reviewing. *See Zhang*, 457 F.3d at 175 (noting that because the hardship determinations associated with applications for cancellation of removal and for a waiver of inadmissibility "are made in the same manner under practically identical standards and because *De La Vega* holds that the cancellation-of-removal hardship determination is discretionary, we join the Fourth Circuit in holding that the § 1182(i)(1) hardship determination is discretionary as well").

*Barnaby-King* points out that *De La Vega* relied in part on our original opinion in *Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144 (2d Cir. 2006) ("*Xiao Ji Chen I*"), to reach the conclusion that we lack jurisdiction to review discretionary determinations underlying the denial of cancellation of removal, *see Barnaby-King*, 485 F.3d at 686 (noting that "*De La Vega . . .* relied partly on reasoning in [*Xiao Ji Chen I*]"), and that *Xiao Ji Chen* was revised significantly on rehearing, *see id.* ("The opinion in *Xiao Ji Chen I*, however, has recently been significantly revised." (citing *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315 (2d Cir. 2006) ("*Xiao Ji Chen II*"))). In view of the revision on rehearing of *Xiao Ji Chen II*, *Barnaby-King* raises, but does not answer, the question of whether *De La Vega* and—by extension—*Zhang* remain binding law of this Circuit.[3]

We recently answered the question raised by *Barnaby-King*, and reaffirmed the continuing vitality of *De La Vega*, in *Barco-Sandoval v. Gonzales*, No. 06-0360-ag (2d Cir. Aug. 1, 2007). *Barco-Sandoval* holds that "[b]ecause *De La Vega*'s holding was based on the conclusion that exceptional and extremely unusual hardship determinations by the BIA are discretionary judgments, and because *Xiao Ji Chen II* reaffirmed that we lack jurisdiction to review a quarrel about . . . the exercise of

---

[3] *Barnaby-King* did not have occasion to answer this question because the petitioner in that case failed to challenge the BIA's conclusion that she failed to satisfy the statutory threshold of extreme hardship. *See* 485 F.3d at 687.

discretion, . . . *De La Vega* continues to bind us." *Barco-Sandoval*, No. 06-0360-ag, slip op. at 9 (citations and internal quotation marks omitted) (first omission in original).

We hold here that *Barco-Sandoval*'s conclusions concerning the continued vitality of *De La Vega* apply equally to *Zhang*, and that as a result *Zhang* "remains controlling precedent." *Barnaby-King*, 485 F.3d at 687. *Xiao Ji Chen II* reaffirms that we lack jurisdiction to review challenges to factual and discretionary determinations leading to the denial of a petition for review where a jurisdiction-denying provision of the INA is implicated, unless, of course, the petitioner raises a constitutional claim or a question of law. *See* 8 U.S.C. § 1252(a)(2)(D); *Xiao Ji Chen II*, 471 F.3d at 329-30 & n.8. "[T]he § 1182(i)(1) hardship determination is discretionary," *Zhang*, 457 F.3d at 175, and we are barred by statute from reviewing it, *see* 8 U.S.C. §§ 1182(i)(2), 1252(a)(2)(B)(i). Accordingly, we continue to lack jurisdiction to review the factual and discretionary decisions underlying the denial of an application for a waiver of inadmissibility.

In this case, the BIA concluded that Camara had not demonstrated the requisite extreme hardship necessary for a waiver of inadmissibility under 8 U.S.C. § 1182(i), and we agree with the Government that Camara raises no "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D). Camara's arguments that the agency's decision was not supported by substantial evidence and was clearly erroneous represent "quarrels over the correctness of the factual findings" reached by the agency that we lack jurisdiction to review. *Xiao Ji Chen II*, 471 F.3d at 329.

## CONCLUSION

For the reasons stated above, Camara's petition is dismissed.