**Sandra Marie PRICE, Petitioner,**

**v.**

Peter D. KEISLER,[1] Acting Attorney General, William Cleary, Buffalo Field Director, Detention and Removal, Immigration and Customs Enforcement, United States Department of Homeland Security, Respondents.

No. 05–2911–ag.

United States Court of Appeals, Second Circuit.

Oct. 24, 2007.

Sandra Marie Price, Brooklyn, NY, Petitioner, pro se.

Terrance P. Flynn, Assistant United States Attorney, Western District of New York, Buffalo, NY, for Respondents.

PRESENT: Hon. ROBERT A. KATZMANN, Hon. DEBRA ANN LIVINGSTON, Circuit Judges and Hon. EDWARD R. KORMAN, District Judge.*

## SUMMARY ORDER

Sandra Marie Price, a native and citizen of Jamaica, petitions for review of the BIA's March 3, 2005 order, affirming the decision of Immigration Judge ("IJ") Philip J. Montante denying Price's applications for cancellation of removal, adjustment of status, and voluntary departure. We presume the parties' familiarity with the facts

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as respondent in this case.

* The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

and procedural history of the case, and arguments on appeal.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination, e.g., *Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005).

 Because the IJ ultimately denied petitioner's application for cancellation of removal on discretionary grounds, this Court lacks jurisdiction to review the decision. *See De La Vega v. Gonzales*, 436 F.3d 141, 144 (2d Cir.2006); *see also Barco–Sandoval v. Gonzales*, 496 F.3d 132, 136 (2d Cir.2007). While the REAL ID Act permits consideration of constitutional claims and questions of law, *see Saloum v. U.S. Citizenship and Immigration Servs.*, 437 F.3d 238, 243–44 (2d Cir.2006), petitioner's claims regarding the IJ's determination that she was ineligible for cancellation of removal also fail; *see Rodriguez v. Gonzales*, 451 F.3d 60, 62 (2d Cir.2006). As petitioner conceded, her conviction for petit larceny in New York constituted a crime involving moral turpitude and, thus, she was not eligible for cancellation of removal under INA § 240A(b)(3) because she was convicted of an offense under INA § 212(a)(2)(A)(i).

 Petitioner's challenge to the IJ's decision to deny her application for adjustment of status is without merit as well. The IJ stated that he denied petitioner's application "as a matter of discretion." The Court lacks jurisdiction to review this decision. *Guyadin v. Gonzales*, 449 F.3d 465, 469 (2d Cir.2006); *Mariuta v. Gonzales*, 411 F.3d 361, 367 (2d Cir.2005). To the extent the IJ found that petitioner was statutorily ineligible for relief, a decision the Court does have jurisdiction to review, *see Singh v. Gonzales*, 468 F.3d 135, 138 (2d Cir.2006), the denial of relief was proper. The IJ correctly determined that peti-

tioner was ineligible for adjustment because, as petitioner had admitted, she was convicted of a crime of moral turpitude and she lied about her marital status on her adjustment application. *See* INA §§ 212(a)(2)(A)(i)(I) and 212(a)(6)(c). Further, petitioner's arguments that she was eligible for an exception to excludability under INA § 212(a)(2)(A)(ii) and her New Jersey conviction for shoplifting was not a crime of moral turpitude are not only without merit, but also irrelevant to the IJ's denial of her application for adjustment of status. Petitioner admitted to making false statements on her application and, thus, even if she were eligible for an exception under INA § 212(a)(2)(A)(ii), she would still be inadmissible on other grounds. Moreover, contrary to her claim, petitioner's New Jersey conviction for shoplifting was a crime involving moral turpitude and, further, even if it were not, she would still be ineligible for adjustment of status based on her New York petit larceny conviction.

Insofar as petitioner argues that she is eligible for waivers under INA § 212(h) and 212(i), based on the hardship to her citizen mother and children, this Court lacks jurisdiction to review these factual and discretionary decisions. *See Camara v. Dep't. of Homeland Sec.*, 497 F.3d 121, 124 (2d Cir.2007).

Finally, because Price has not made any argument regarding the IJ's denial of her application for voluntary departure, that claim is deemed waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1 (2d Cir.2005). In any event, the court would lack jurisdiction to review this decision. *Carcamo v. U.S. Dep't of Justice*, 498 F.3d 94, 97 (2d Cir.2007).

For the foregoing reasons, the petition for review is DENIED. The pending mo-

tion for a stay of deportation is DENIED as moot.