**Ravinder SINGH, Petitioner,**

v.

**Ethan ENZER, Officer in Charge, Bureau of Immigration and Customs Enforcement, Hartford, et al., Respondents.**

**No. 3:07cv966(JBA).**

United States District Court, D. Connecticut.

Dec. 20, 2007.

---

Jose L. DelCastillo Salamanca, Delcastillo & Assoc., Hartford, CT, for Petitioner.

Julie G. Turbert, U.S. Attorney's Office, New Haven, CT, for Respondents.

## RULING ON PETITION FOR WRIT OF HABEAS CORPUS [DOC. # 1]

JANET BOND ARTERTON, District Judge.

Petitioner Ravinder Singh filed this Emergency Petition for Declaratory and Injunctive Relief and Writ of Habeas Corpus [Doc. # 1] on June 20, 2007, seeking relief in connection with his federal detention pending removal from the United States. For the reasons that follow, Singh's Petition is denied.

### I. Relevant Background

Singh—also known as "Mandar Singh"—was paroled into the United States in 1991, shortly after which he was taken into custody and charged as excludable pursuant to 8 U.S.C. § 1182(a)(7)(A)(i)(I) for failure to present valid entry documents. Although Singh applied for political asylum, he was not present at the exclusion hearing later scheduled for January 17, 1997, and so the Immigration Judge entered an exclusion order against him. More than a decade later, during which time he filed a number of additional petitions with Citizenship and Immigration Services ("CIS"), Petitioner was apprehended by Immigration and Customs Enforcement in Hamden, Connecticut. Singh filed this Petition seeking to have his pending CIS applications promptly adjudicated and claiming that he was entitled to a bond hearing before being detained. Subsequently, as the Court learned through the parties' extended briefing, CIS denied Singh's pending applications. He now argues (1) that these applications were incorrectly adjudicated, and (2) that his detention without a bond hearing continues to be unlawful.

## II. Discussion

### A. Petitioner's applications denied by CIS

At this stage of the proceedings, Petitioner argues for relief based on the denial of his applications for adjustment of status (I–485), for permission to reapply for admission after deportation or removal (I–212), and for waiver of grounds of excludability (I–601). He contends that these denials constituted "abuse[s] of discretion in violation of [his] due process rights because [CIS] did not comply with applicable regulations [nor] take into account all pertinent documentation already in the file." (Pet'r's Reply to Surreply at 3–6.)

However, Petitioner has failed to confront the fact that this Court's jurisdiction to review these decisions is severely constrained:

> Notwithstanding any other provision of law ... no court shall have jurisdiction to review—
>
> (i) any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title, or
>
> (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

8 U.S.C. § 1252(a)(2)(B). As the Second Circuit has explained, courts "lack jurisdiction to review challenges to factual and discretionary determinations leading to the denial of a petition for review where a jurisdiction-denying provision of the INA is implicated." *Camara v. Dep't of Homeland Sec.*, 497 F.3d 121, 124 (2d Cir.2007); *see also De La Vega v. Gonzales*, 436 F.3d 141, 144 (2d Cir.2006) (holding that "discretionary determinations ... within the meaning of [§ 1252(a)(2)(B) ] ... fall[ ] outside our jurisdiction"). Only where a petitioner seeks review of a nondiscretionary act or advances a colorable constitutional claim or question of law does this jurisdiction-stripping provision not apply. *Camara*, 497 F.3d at 124; *Barco–Sandoval v. Gonzales*, 496 F.3d 132, 133 (2d Cir. 2007) (dismissing for lack of jurisdiction in part because petitioner "fail[ed] to raise any colorable constitutional claims or questions of law"); *Sepulveda v. Gonzales*, 407 F.3d 59, 62–63 (2d Cir.2005) (holding that " § 1252(a)(2)(B) does not strip courts of jurisdiction to review nondiscretionary decisions").

Rather than articulate a constitutional or legal basis on which the Court can exercise jurisdiction, Singh essentially concedes that the application denials were discretionary, and argues that they were wrongly decided. But according to the language of § 1252(a)(2)(B), the Court has no authority to step in and compel a different outcome even if it believes that certain facts Petitioner cites should have been given more weight. *See* 8 U.S.C. § 1255(a) ("[t]he status of an alien who was inspected and admitted or paroled into the United States ... may be adjusted by the Attorney General, in his discretion"); *Zhang v. Gonzales*, 457 F.3d 172, 174 (2d Cir.2006) (holding that the "extreme hardship" determination is discretionary and not subject to review). Moreover, despite Petitioner's unsupported reference to his due process rights, "a petitioner cannot use the rhetoric of a constitutional claim ... to disguise what is essentially a quarrel about fact-finding or the exercise of discretion." *Barco–Sandoval*, 496 F.3d at 136.

Therefore, the Court has no jurisdiction to consider Singh's request to order a re-

adjudication of his applications for adjustment of status, permission to reapply for admission after deportation or removal, and waiver of grounds of excludability. Insofar as his Petition seeks this relief, it is denied.

## B. Detention without bond

 Singh also objects that he continues to be detained without being granted a bond hearing; he claims this is unconstitutional. However, in quoting the relevant statutory language, Petitioner acknowledges that his detention, while not mandatory, is nevertheless permissible. Pursuant to 8 U.S.C. § 1231(a)(6), "[a]n alien ordered removed who is inadmissible ... or removable [under this title] may be detained beyond the removal period." Despite Petitioner's claims of prejudice to himself and to his family, he has provided no support for his proposition that this detention is sufficiently egregious so as to rise to the point of unconstitutionality. *See Zadvydas v. Davis*, 533 U.S. 678, 701, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001) (finding that the Government may continue to detain an alien under § 1231 provided that removal is likely "in the reasonably foreseeable future").

Notwithstanding Singh's protestations of hardship, there is no basis for finding the circumstances of his detention unconstitutional.

## III. Conclusion

For the foregoing reasons, the Court denies Singh's Petition, but does so without prejudice in the event that his detention continues indefinitely without a likelihood of reasonably foreseeable removal. The Clerk is directed to close the case.

IT IS SO ORDERED.