Julio CUTANDA–HIERREZUELO,
Petitioner,

v.

Michael B. MUKASEY,[1] Attorney
General, Respondent.

No. 05–3439–ag.

United States Court of Appeals,
Second Circuit.

Feb. 20, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted as the respondent in this case.

Julio Cutanda–Hierrezuelo, Bronx, NY, pro se, Petitioner.

David S. Jones, Assistant United States Attorney, (Sue Chen, Special Assistant United States Attorney, on the brief) Southern District of New York, New York, NY, for Respondent.

PRESENT: Hon. B.D. PARKER, Hon. REENA RAGGI and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Julio Cutanda–Hierrezuelo, a native and citizen of the Dominican Republic, peti-

tions for review of the BIA's August 26, 2004 order affirming the decision of Immigration Judge ("IJ") Alan L. Page denying Cutanda–Hierrezuelo's applications for asylum, withholding of deportation, relief under the Convention Against Torture ("CAT"), adjustment of status, and waiver of inadmissibility. We presume the parties' familiarity with the facts and procedural history of the case, and arguments on appeal.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, see 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. Wensheng Yan v. Mukasey, 509 F.3d 63, 66 (2d Cir.2007) (per curiam). Further, under the Immigration and Nationality Act ("INA"), this Court lacks jurisdiction to review a petitioner's removal order if he is removable by reason of having committed a criminal offense that constitutes an "aggravated felony." See 8 U.S.C. §§ 1252(a)(2)(C), 1227(a)(2)(A)(iii); Jobson v. Ashcroft, 326 F.3d 367, 371 (2d Cir.2003). However, this Court maintains jurisdiction to review constitutional claims or questions of law. See 8 U.S.C. § 1252(a)(2)(D). The term "questions of law" encompasses "the same types of issues that courts traditionally exercised in habeas review," and would include application of law to fact. Xiao Ji Chen v. U.S. Dep't of Justice, 471 F.3d 315, 326–27 (2d Cir.2006).

■■■ To the extent that Cutanda–Hierrezuelo argues that the pre-AEDPA and pre-IIRIRA definition of an aggravated felony should be applied to his convictions, which occurred prior to the 1996 amendments, that argument has been foreclosed by the Supreme Court's decision in INS v. St. Cyr, 533 U.S. 289, 319, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001) (noting that "IIRIRA's amendment of the definition of 'ag-

gravated felony' . . . clearly states that it applies" retroactively). Thus, the IJ was correct in his determination that Cutanda–Hierrezuelo was not eligible for asylum under INA § 208(d), or withholding of deportation under INA § 243(h)(2)(B), because his convictions constituted aggravated felonies. Further, Cutanda–Hierrezuelo has not presented a constitutional claim or question of law that allows this Court to review the denial of CAT relief because he challenges only the IJ's factual determination that he did not prove that it was more likely than not that he would be tortured if returned to the Dominican Republic. *See Carcamo v. U.S. Dep't of Justice,* 498 F.3d 94, 98 (2d Cir.2007).

■ With regard to Cutanda–Hierrezuelo's assertion that he obtained derivative citizenship through his mother, his claim fails for two reasons. First, because Cutanda–Hierrezuelo failed to raise a claim of derivative citizenship in his proceedings below, this issue has not been exhausted and, therefore, has not been preserved for review in this Court. *See* 8 U.S.C. § 1252(d)(1); *see also Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 120 (2d Cir.2007); *Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 343 (2d Cir.2006). Second, even if this Court chose to address this issue, Cutanda–Hierrezuelo's claim for derivative citizenship fails because his mother naturalized after he had reached the age of eighteen. *See* INA § 322(a)(3).

■ Additionally, Cutanda–Hierrezuelo's argument that he qualifies for relief as a non-citizen national under INA §§ 341(b) and 325 is without merit. This Court's decision in *Marquez–Almanzar v. INS,* 418 F.3d 210 (2d Cir.2005), forecloses Cutanda–Hierrezuelo's argument that he should be considered a United States national because he has pledged his permanent allegiance to this country. *Marquez–Almanzar* makes clear that an individual's permanent allegiance alone is not sufficient to confer national status on an applicant and that one can become a national only by birth or naturalization. *See* 418 F.3d at 218. Rather, 8 U.S.C. § 1408 describes four categories of persons who qualify as non-citizen nationals. Because Cutanda–Hierrezuelo is not a non-citizen national of the United States as provided in this statutory scheme, he is not eligible for relief under INA §§ 341(b) and 325.

■ Insofar as petitioner argues that he is eligible for waivers under INA §§ 212(c) and 212(h), based on the hardship to his citizen mother and children, this Court lacks jurisdiction to review these factual and discretionary decisions. *See Camara v. Dep't of Homeland Sec.,* 497 F.3d 121, 124 (2d Cir.2007) (per curiam).

■■ With regard to Cutanda–Hierrezuelo's challenge of the IJ's decision to deny his application for adjustment of status, his argument is also without merit. This Court has held that it lacks jurisdiction to review any claim that an IJ or the BIA erred in weighing factors relevant to the grant or denial of adjustment of status. *See Guyadin v. Gonzales,* 449 F.3d 465, 469 (2d Cir.2006). Here, although the IJ stated that he would deny Cutanda–Hierrezuelo's application "as a matter of discretion," he first determined that Cutanda–Hierrezuelo was statutorily ineligible for adjustment of status. Thus, "before reaching the question of whether we lacks jurisdiction to review the IJ's alternative basis for denying [petitioner] relief," this Court must "first consider the issue of [petitioner's] statutory eligibility for an adjustment of status." *Singh v. Gonzales,* 468 F.3d 135, 138 (2d Cir.2006). The IJ's determination that Cutanda–Hierrezuelo was ineligible for adjustment was correct in light of the fact that Cutanda–Hierrezuelo was not admissible because he had

been convicted of a controlled substance offense and a crime involving moral turpitude. *See* INA §§ 212(a)(2)(A)(i)(I), (II). To the extent that the IJ also denied Cutanda–Hierrezuelo's application on discretionary grounds, this Court lacks jurisdiction to review those bases for the decision. *See Guyadin,* 449 F.3d at 469.

Finally, because Cutanda–Hierrezuelo did not file a petition for review from the BIA's December 2006 denial of his motion to reopen, this Court lacks jurisdiction to review it. *See Khouzam v. Ashcroft,* 361 F.3d 161, 167 (2d Cir.2004).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.