**Laura Pereira Hoffman DAS SILVA, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General,\* Respondent.**

No. 08–3352–ag.

United States Court of Appeals, Second Circuit.

May 28, 2009.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as the respondent in this case.

Justin Conlon, Law Office of Michael Boyle, North Haven, CT, for Petitioner.

Jessica ·E. Sherman, trial attorney (Cindy S. Ferrier, Senior Litigation Counsel, of counsel), Office of Immigration Litigation, for Michael F. Hertz, Acting Assistant Attorney General, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

Present JOHN M. WALKER, JR., RICHARD C. WESLEY, J. CLIFFORD WALLACE,** Circuit Judges.

** The Honorable J. Clifford Wallace, United States Court of Appeals for the Ninth Circuit,

**SUMMARY ORDER**

Petitioner Laura Pereira Hoffman Das Silva ("Hoffman"), a native and citizen of Brazil, seeks review of a final order of removal issued by the BIA on June 23, 2008 dismissing her appeal from the April 16, 2007 order of the Immigration Judge ("IJ") denying her application for a waiver under section 212(i) of the Immigration and Naturalization Act ("INA"), 8 U.S.C. § 1182(i). *In re Hoffman Das Silva*, No. A78 720 859 (B.I.A. June 23, 2008), *aff'g* No. A78 720 859 (Immig. Ct. Hartford, CT April 16, 2007). We assume the parties' familiarity with the facts, 10 procedural context, and specification of appellate issues.

Where, as here, the BIA does not expressly adopt the IJ's decision, but its brief opinion finds no error in or closely tracks the immigration judge's reasoning, this Court may consider both the immigration judge's and BIA's opinions for the sake of completeness. *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir.2006).

This Court generally lacks jurisdiction to review discretionary decisions such as the denial of a waiver of removal under section 212(i) of the INA. 8 U.S.C. § 1182(a)(9)(B)(v) ("No court shall have jurisdiction to review a decision or action of the Attorney General regarding a waiver [of inadmissibility] under [8 U.S.C. § 1182(a)(9)(B)(v) ]."); *see also Camara v. Dep't of Homeland Sec.*, 497 F.3d 121, 124 (2d Cir.2007) (per curiam) ("[W]e ... lack jurisdiction to review the factual and discretionary decisions underlying the denial of an application for a waiver of inadmissibility."). Further, this Court has stated that "the determination of whether 'exceptional and extremely unusual hardship' is

sitting by designation.

present for the purposes of cancellation of removal is beyond our jurisdiction to review, except in those rare cases where the BIA decision on whether this kind of hardship exists is made without rational justification or based on an erroneous legal standard." *Mendez v. Holder,* 566 F.3d 316, 322 (2d Cir.2009) (per curiam) (quoting *Barco–Sandoval v. Gonzales,* 516 F.3d 35, 39 (2d Cir.2008) (internal quotation marks omitted)). However, we retain jurisdiction over constitutional claims and questions of law. *See* 8 U.S.C. § 1252(a)(2)(D). Hoffman argues that the BIA exceeded its authority by engaging in improper independent factfinding (in violation of 8 C.F.R. § 1003. 1(d)(3)(iv)) or a *de novo* factual review (in violation of 8 C.F.R. § 1003. 1(d)(3)(i)). To the extent that this argument seems to raise a constitutional claim or question of law, it lacks merit.

The BIA reviews *de novo* whether the IJ's decision to deny discretionary relief was warranted based on the record, *see* 8 C.F.R. § 1003.1(d)(3)(ii), and the BIA permissibly did so here. As is relevant in this appeal, in affirming the IJ's denial of relief, the BIA cited, among other evidence, testimony by Hoffman's husband that he does not speak English well enough to help his daughter with her homework in the United States. The BIA noted that to the extent a return to Brazil would remove this language barrier, the evidence did not support a finding that Hoffman's removal will result in extreme hardship to her husband. In so noting, the BIA properly made a legal conclusion based upon facts in the record. *See Wallace v. Gonzales,* 463 F.3d 135, 141 (2d Cir.2006) (per curiam) ("[A] review of the factual record by the BIA does not convert its discretionary determination as to whether a petitioner warrants [relief] into improper factfinding.").

Having rejected Hoffman's argument that the BIA exceeded its authority, we lack jurisdiction to review the BIA's affirmance of the IJ's denial of a discretionary section 212(i) waiver. *See Mendez,* at 322; *Camara,* 497 F.3d at 124.

Accordingly, the petition is DENIED.