10-1803-ag
Oroh v. Holder

BIA
Ferris, IJ
A096 423 943

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of August, two thousand eleven.

PRESENT:
>        GUIDO CALABRESI,
>        REENA RAGGI,
>        PETER W. HALL,
>             *Circuit Judges.*

_____

STENLY OROH,
>        *Petitioner,*

>             v.                                     10-1803-ag
>                                                    NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:            Ronald S. Salomon, New York, New York.

FOR RESPONDENT:            Tony West, Assistant Attorney General; Ada E. Bosque, Senior Litigation Counsel; Rebecca Hoffberg, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Stenly Oroh, a native and citizen of Indonesia, seeks review of an April 8, 2010, order of the BIA, affirming the August 13, 2008, decision of Immigration Judge ("IJ") Noel Ferris, which pretermitted his application for asylum, and denied his applications for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Oroh*, No. A096 423 943 (B.I.A. Apr. 8, 2010), *aff'g* No. A096 423 943 (Immig. Ct. N.Y. City Aug. 13, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

As preliminary matters, because Oroh does not challenge the agency's determination that his asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), we do not address

2

that claim. In addition, because the BIA assumed Oroh's credibility, we do the same, *see Yan Chen v. Gonzales*, 417 F.3d at 271-72, and therefore decline to address Oroh's challenges to any adverse credibility determination of the IJ, *see Barnaby-King v. U.S. Dep't of Homeland Sec.*, 485 F.3d 684, 687 (2d Cir. 2007). Accordingly, we address only the agency's denial of withholding of removal and CAT relief, and conclude that the agency reasonably determined that Oroh failed to sustain his burden of demonstrating his eligibility for those forms of relief. *See Joaquin-Porras v. Gonzales*, 435 F.3d 172, 181 (2d Cir. 2006).

Oroh argues that he established his eligibility for withholding of removal based on the persecution he suffered on account of his Christian religion. He testified, however, that the only act of aggression he personally suffered occurred in 1999, when Muslims threw rocks at him while he was walking to his pastor's house. As there is no indication in the record that Oroh was physically harmed, and this incident may reasonably be characterized as harassment, the agency did not err in concluding that Oroh did not suffer harm rising to the level of persecution. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006). Moreover, because the agency reasonably

3

determined that he had not suffered past persecution, Oroh was not entitled to a presumption that he would face persecution if returned to Indonesia. *See* 8 C.F.R. § 1208.16(b)(1).

Additionally, as to Oroh's fear of future persecution, the agency did not err in rejecting his "pattern or practice" claim, or in finding that his testimony and evidence were insufficient to establish a likelihood of persecution as a Christian in Indonesia. *See Santoso v. Holder*, 580 F.3d 110, 112 (2d Cir. 2009). Indeed, the U.S. Department of State's 2005 Country Report on Human Rights Practices for Indonesia included in the record provides that in some areas "[r]eligiously motivated violence . . . occurred less frequently than in previous years." Moreover, in evaluating similar claims in a prior case, we have taken judicial notice of the fact that "Indonesia is a nation state consisting of approximately 6000 inhabited islands and that, in many places, Roman Catholicism is predominant." *Santoso*, 580 F.3d at 112. Here, as the IJ noted, Oroh's pastor testified that when he visited Oroh's native area in Indonesia for two weeks he attended services at a congregation of almost 1,000 members and did not experience any problems. Thus, the agency did not err in finding that

Oroh failed to sustain his burden of demonstrating a likelihood of persecution in Indonesia.  *See id*.

Because the agency did not err in concluding that Oroh failed to establish past persecution or a likelihood of persecution if returned to Indonesia, it did not err in denying his applications for withholding of removal and CAT relief as both claims shared the same factual predicate. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

<div style="margin-left:50%">

FOR THE COURT:  
Catherine O'Hagan Wolfe, Clerk

</div>