11-1931-ag
Boedhoe v. Holder

BIA
Straus, IJ
A074 975 306

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of January, two thousand twelve.

PRESENT:
RICHARD C. WESLEY,
PETER W. HALL,
SUSAN L. CARNEY,
    *Circuit Judges.*
_____

SOEROEDJPERSAD BOEDHOE,
    *Petitioner,*

        v.                          11-1931-ag

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
    *Respondent.*
_____

FOR PETITIONER:          James A. Welcome, Waterbury,
                         Connecticut.

FOR RESPONDENT:          Tony West, Assistant Attorney General;
                         David V. Bernal, Assistant Director;
                         Tiffany L. Walters, Trial Attorney,
                         Office of Immigration Litigation, United
                         States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Petitioner Soeroedjpersad Boedhoe, a native of Suriname and citizen of the Netherlands, seeks review of an April 8, 2011 order of the BIA, affirming the April 14, 2010 decision of Immigration Judge ("IJ") Michael W. Straus, which denied his applications for waivers of inadmissibility. *In re Soeroedjpersad Boedhoe,* No. A074 975 306 (B.I.A. Apr. 8, 2011), *aff'g* No. A074 975 306 (Immig. Ct. Hartford Apr. 14, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). Because Boedhoe is challenging the denial of discretionary relief, we have jurisdiction to review only constitutional claims and questions of law. 8 U.S.C. § 1252(a)(2)(B), (D); *Camara v. Dep't of Homeland Sec.*, 497 F.3d 121, 122-23 (2d Cir. 2007).

Boedhoe challenges the agency's determination that he is inadmissible under Immigration and Nationality Act ("INA") § 212(a)(9)(C) (codified at 8 U.S.C. § 1182(a)(9)(C)) and that he failed to establish his entitlement to a waiver of inadmissibility under either INA § 212(a)(9)(B)(v) (codified at 8

U.S.C. § 1182(a)(9)(B)(v)) or INA § 212(i) (codified at 8 U.S.C. § 1182(i)).  However, we lack jurisdiction to consider Boedhoe's challenge to the agency's denial of his applications for waivers of inadmissibility, which merely quarrel over the correctness of the agency's discretionary hardship determination.  *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006).

Although Boedhoe asserts that the agency committed numerous legal errors in determining that he failed to show that the denial of his admission to the United States would result in extreme hardship to his lawful permanent resident spouse, we have rejected attempts to frame disagreements over the agency's exercise of discretion as questions of law.  *See, e.g., Barco-Sandoval v. Gonzales*, 516 F.3d 35, 39-40 (2d Cir. 2008).  For example, while Boedhoe argues that the agency "failed to take [his wife's] significant medical issues into consideration," and that this "factor alone should lead the Court to remand," the BIA explicitly found that Boedhoe had "not established that [his wife] would be unable to obtain adequate medical treatment in the Netherlands."  *In re Soeroedjpersad Boedhoe,* No. A074 975 306 (B.I.A. Apr. 8, 2011), *aff'g* No. A074 975 306 (Immig. Ct. Hartford Apr. 14, 2010).  Similarly, Boedhoe argues that the agency "was dismissive of [his] wife's assistance of her father while he suffers from a medical condition"; however, the agency explicitly determined that "there is no evidence that her

3

remaining siblings in the United States could not provide adequate care." *Id.* Boedhoe also asserts that the IJ failed to properly aggregate the hardship factors, but ignores the BIA's decision explicitly considering the hardship factors in the aggregate. *See id.* Therefore, because Boedhoe merely quarrels with the agency's conclusion that a waiver was not warranted as a matter of discretion, we lack jurisdiction to review his arguments. *See Xiao Ji Chen*, 471 F.3d at 326-29.

Lastly, Boedhoe's argument that the BIA erred by declining to reach the IJ's alternative inadmissibility finding under INA § 212(a)(9)(C), is without merit. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam).

For the foregoing reasons, the petition for review is DISMISSED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4