12-2732-ag
Williams v. Holder

BIA
Straus, IJ
A087 174 243

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of October, two thousand thirteen.

PRESENT:
> PIERRE N. LEVAL,
> PETER W. HALL,
> RAYMOND J. LOHIER, JR.,
>   *Circuit Judges*.

———————————————————————

SUZANA WILLIAMS,
>   *Petitioner*,

  v.                                                    No. 12-2732-ag

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>   *Respondent*.

———————————————————————

FOR PETITIONER:          James E. Swaine, Hamden, CT.

FOR RESPONDENT:          Stuart F. Delery, Acting Assistant Attorney General, Eric W. Marsteller, Senior Litigation Counsel, Jane T. Schaffner, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

———————————————————————

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, and DECREED** that the petition for review be and hereby is **DISMISSED**.

Petitioner Suzana Williams, a native and citizen of Brazil, seeks review of a June 12, 2012, order of the BIA affirming the November 15, 2010, decision of Immigration Judge ("IJ") Michael W. Straus, finding her removable and denying adjustment of status. *In re Suzana Williams*, No. A087 174 243 (B.I.A. June 12, 2012), *aff'g* No. A087 174 243 (Immig. Ct. Hartford Nov. 15, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As the BIA's decision "does not expressly adopt the IJ's decision, but closely . . . tracks [its] reasoning, [we have] consider[ed] both the IJ's and the BIA's opinions 'for the sake of completeness.'" *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (quoting *Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006)).

In order for an alien to adjust status to that of a lawful permanent resident, she must first have been "inspected and admitted or paroled into the United States" and then must "make[] an application for such adjustment," be "eligible to receive an immigrant visa and [be] admissible to the United States for permanent residence," and have "an immigrant visa immediately available to [her]." 8 U.S.C. § 1255(a). We have distinguished between the initial requirement that an alien be "admitted" and the requirement that the alien be "admissible." *See Emokah v. Mukasey*, 523 F.3d 110, 118 (2d Cir. 2008). An alien who enters the United States after inspection and authorization

2

has been "admitted" even if she was, at the time of entry, in a class of aliens that would render her "inadmissible." *Id*.; *see also* 8 U.S.C. § 1227(a), (a)(1). Thus, an alien may have been admitted, but nonetheless be inadmissible. *Emokah*, 523 F.3d at 118.

Williams claimed that she was admitted to the United States because she was inspected upon arrival to the United States, and her fraudulent Brazilian passport and visitor's visa issued in someone else's name allowed her entry after inspection. Williams acknowledges that entering the United States in such a manner renders her part of a class of aliens inadmissible at the time of entry, pursuant to 8 U.S.C. § 1182(a)(6)(C)(i), which states that "[a]ny alien who, by fraud or willfully misrepresenting a material fact, . . . has procured . . . a visa, other documentation, or admission into the United States . . . is inadmissible." Accordingly, she applied for a waiver of inadmissibility pursuant to 8 U.S.C. § 1182(i)(1), which states that the fraud grounds of inadmissibility may be waived if "refusal of admission to the United States . . . would result in extreme hardship to," *inter alia*, the alien's United States citizen spouse. The IJ, in a ruling that was affirmed by the BIA, disbelieved William's claim that she had been admitted and further ruled that, even if Williams had been inspected and admitted, she could not adjust status to a lawful permanent resident because she was inadmissible and did not establish the requisite extreme hardship to her United States citizen spouse that would allow for a waiver of inadmissibility. Because even if she were admitted in the manner she alleges, Williams must still obtain a waiver of her conceded inadmissibility, we address only the agency's dispositive determination as to the waiver.

3

The agency found that even if Williams had been able to prove that she had been admitted to the United States using a fraudulent passport and visitor's visa, she was nonetheless inadmissible and had not shown her eligibility for a waiver of inadmissibility pursuant to 8 U.S.C. § 1182(i). We lack jurisdiction to review Williams's challenge to that decision.

Section 1182(i)(2) states explicitly that no court shall have jurisdiction to review a decision regarding a Section 1182(i) waiver. Moreover, 8 U.S.C. § 1252(a)(2)(B) states that no court shall have jurisdiction to review a denial of discretionary relief, including denial of a Section 1182(i) waiver. Although we retain jurisdiction to review constitutional claims and questions of law, *see* 8 U.S.C. § 1252(a)(2)(D), Williams's only argument regarding the denial of the Section 1182(i) waiver is that the agency erred by not weighing all of the various hardships to which she and her husband testified. This argument does not raise a constitutional claim or question of law. We thus lack jurisdiction to consider it. *See Camara v. Dep't of Homeland Sec.*, 497 F.3d 121, 123-24 (2d Cir. 2007); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 328-29 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DISMISSED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4